IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **AMERICAN AIRLINES, INC.,** a Delaware Corporation,<br>*Plaintiff,*<br><br>v.<br><br>**U.S.A. GATEWAY,** a Texas Corporation,<br><br>*Defendant.* | §§§§§§§§§§§§§§§§ Civil Action No. 4:23-cv-00781-O |

**DEFENDANT U.S.A GATEWAY'S ORIGINAL ANSWER**

U.S.A. Gateway ("GTT") by its attorneys, files its Original Answer to Plaintiff American Airlines, Inc. ("American")'s Complaint ("Complaint") and respectfully shows as follows:

## I.  NATURE OF THE ACTION

1.  GTT admits it is an air travel consolidator and has business relationship with American that is governed by several agreements between them. GTT refers to its agreements with American for the substance of the obligations. GTT admits that it has a yearly turnover upwards of two billion dollars. GTT admits that it signs up with travel agencies as sub-agents and has business relationships with those sub-agents that are governed by agreements. GTT refers to its agreements with sub-agents for the substance of the obligations. Except as expressly admitted, GTT denies the remaining allegations.

2.  GTT denies the allegations.

3. GTT denies the allegations that characterizes its business relationship with sub-agents as "schemes." GTT admits the business relationships between GTT and sub-agents exist and refers to the governing agreements for their contents. GTT lacks knowledge or information sufficient to form a belief about the truth of unidentified sub-agents diverting consumers who wish to contact American directly. GTT denies the remaining allegations.

4. GTT denies the allegations.

5. GTT denies the allegations.

6. Paragraph 6 states a legal conclusion and does not require a response from GTT. To the extent a response is required, GTT denies the allegations, except that GTT admits agreements between GTT and American exist and refers to documents for the substance of the obligations.

7. Paragraph 7 states a legal conclusion and does not require a response from GTT. To the extent a response is required, GTT denies the allegations, except that GTT lacks knowledge or information sufficient to form a belief about the truth of the allegations about its sub-agents' actions.

8. Paragraph 8 states a legal conclusion and does not require a response from GTT. To the extent a response is required, GTT denies the allegations in, except that GTT lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint about its sub-agents' actions.

9. Paragraph 9 does not require an admission or denial; however, to the extent an admission or denial is required, GTT denies.

## II. PARTIES

10. GTT admits the allegations.

11. GTT admits the allegations.

### III. JURISDICTION

12. GTT denies that the Court has subject matter jurisdiction by federal question jurisdiction, because Plaintiff's trademark claims should be dismissed according to GTT's partial motion to dismiss. Otherwise, admitted.

13. GTT admits the allegations.

14. GTT admits the allegations.

15. GTT admits the allegations.

### IV. FACTUAL ALLEGATIONS

**A.  American's Investment in Operations**

16. GTT lacks knowledge or information sufficient to form a belief about the truth of the allegations.

17. GTT lacks knowledge or information sufficient to form a belief about the truth of the allegations.

18. GTT lacks knowledge or information sufficient to form a belief about the truth of the allegations.

19. GTT lacks knowledge or information sufficient to form a belief about the truth of the allegations.

20. GTT lacks knowledge or information sufficient to form a belief about the truth of the allegations.

**B.  GTT's Contractual Relationship with American**

21. GTT admits the allegations.

22. GTT admits that the documents referenced exist and refers to the document for their

contents; otherwise denied.

23. GTT admits that the documents referenced exist and refers to the document for their contents; otherwise denied.

24. GTT admits that it acts as American's agent as referenced in the documents and refers to the documents for their contents; otherwise denied.

25. GTT admits it is an airline consolidator and has a business relationship with American that is governed by certain agreements. GTT refers to agreements between GTT and American for its contents with regard to GTT's rights and obligations; otherwise denied.

26. GTT admits that it is ARC accredited and the document referenced exists and refers to the document for its contents; otherwise denied.

27. GTT admits that it is an IATA agency. GTT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

28. GTT denies, except GTT admits the contents of Page 1 of the Addendum.

29. GTT denies, except GTT admits the contents of Section 3.3 of the ARC ARA.

30. GTT denies, except GTT admits Section 8(b) named "American Data" exists in the Addendum and refers to the document for its content.

31. GTT denies, except GTT admits the contents of Section 9(a) of the Addendum.

32. GTT denies, except GTT admits the contents of Section 9(c) of the Addendum.

33. GTT denies, except GTT admits the contents of Section 3(a) of the Addendum.

34. GTT denies, except GTT admits the contents of Section 3(a) of the Addendum.

35. GTT denies, except GTT admits the contents of Section 3(d) of the Addendum.

36. GTT denies, except GTT admits the contents of Section 3(g) of the Addendum.

37. GTT denies, except GTT admits the contents of Section 3(g) of the Addendum.

38. GTT admits that Section 3(e) of the Addendum exists and refers to the document for its content; otherwise denied.

39. GTT denies, except GTT admits the contents of Section 3(g) of the Addendum.

40. GTT admits the document referenced exists and refers to the document for its contents and Effective Date; otherwise denied.

41. GTT admits the document referenced exists and refers to the document for its contents; otherwise denied.

42. GTT admits the document referenced exists and refers to the document for its contents; otherwise denied.

43. GTT admits the document referenced and refers to the document for its contents; otherwise denied.

44. GTT admits the document referenced exists and refers to the document for its contents; otherwise denied.

**C.    GTT's Abuse of its Agency Relationship**

45. GTT denies the allegations.

46. GTT denies the allegations.

47. GTT lacks knowledge or information sufficient to form a belief about the truth of the allegations.

48. GTT lacks knowledge or information sufficient to form a belief about the truth of the

allegations.

49. GTT denies that it violates the GTAA and GTT otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

50. GTT denies that it actively helps its sub-agents hide the extra charge from consumers using the "in-house charge" process and it violates the GTAA. GTT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

51. GTT denies that it charges egregious "change fees" where no such fee is authorized by American. GTT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

52. GTT denies the allegations.

53. GTT denies the allegations.

54. GTT denies the allegation that GTT inflates the base fare of a ticket, and otherwise lacks knowledge or information to form a belief about the truth of the remaining allegations.

55. GTT denies that it has engaged in prohibited practices. GTT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

56. GTT denies that it has engaged in the alleged prohibit practice. GTT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

57. GTT denies the allegations.

58. GTT denies, except that GTT admits that there are documents governing GTT-sub-agents' business relationship and refers to those documents for their contents.

59. GTT denies the allegation that it does not take steps to address any known booking violations of third parties. GTT lacks knowledge or information sufficient to form a belief about the

truth of the remaining allegations.

60. GTT denies the allegations.

61. GTT denies the allegations.

62. GTT denies that it has "no quality control" over sub-agents; there are limits to what GTT can control, or is aware of, regarding its thousands of sub-agents but GTT does have quality control measures. GTT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

63. GTT denies the allegations.

64. GTT admits the documents as referenced exist and refers to those documents for their contents; otherwise denied.

65. GTT admits the documents as referenced and refers to those documents for their contents; otherwise denied.

66. GTT admits the allegations.

67. GTT denies the allegations.

68. GTT lacks knowledge or information sufficient to form a belief about the truth of the allegations.

69. GTT lacks knowledge or information sufficient to form a belief about the truth of the allegations.

**D.     American's Valuable Trademarks**

70. GTT admits the allegations.

71. GTT admits the allegations.

72. GTT admits the allegations.

73. GTT admits the allegations.

74. GTT admits the allegations.

75. GTT admits the allegations.

76. GTT admits the allegations.

77. GTT admits the allegations.

78. GTT admits the allegations.

79. GTT denies that it is aware of sub-agents' alleged prohibited activities and denies that GTT "actively assisted sub-agents in issuing false and excessive charges to consumers." GTT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

80. GTT denies the allegations.

## V.   CLAIMS

### Count I Breach of GTAA

81. GTT denies the allegations.

82. GTT admits that the document referenced exists and refers to the document for its contents; otherwise denied.

83. GTT denies the allegations.

84. GTT denies, except GTT admits the contents of Section 3.3 of the ARC ARA.

85. GTT denies it has engaged in unethical standards of business in breach of the GTAA with American. GTT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

86. GTT denies, except GTT admits the contents of Section 3(g) of the Addendum.

87. GTT denies that it is routinely engaging in the prohibited abusive ticketing practices. GTT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

88. GTT admits the contents of Section 9(a) of the Addendum.

89. GTT denies, except GTT lacks knowledge or information sufficient to form a belief about the truth of the allegations about any alleged sub-agents' data misuse.

90. GTT denies, except GTT admits the contents of Section 3(d) of the Addendum.

91. GTT denies, except GTT lacks knowledge or information sufficient to form a belief about the truth of its sub-agents charging large fees to consumers without their knowledge and/or using other methods to hide their charges from consumers.

92. GTT denies, except GTT admits the contents of Section 3(g) of the Addendum.

93. GTT denies that it violates the GTAA by using its own credit card or other payment method to pay for a consumers' flight. GTT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

94. GTT denies, except GTT admits Section 3(e) of the Addendum exists and refers to the document for its content.

95. GTT denies the allegations.

96. GTT denies the allegations.

97. GTT denies, except GTT admits Section 3(e) of the Addendum exists and refers to the document for its content.

98. GTT denies the allegations.

99. GTT denies, except GTT admits the contents Section 4 of the Addendum.

100. GTT denies the allegations.

101. GTT denies the allegations.

102. GTT denies the allegations.

103. Paragraph 103 to Paragraph 129 are subject to GTT's partial motion to dismiss. GTT will admit or deny those allegations, if needed, after the Court rules on the Motion.

## ATTORNEY FEES

104. GTT denies the allegations in Paragraph 130.

105. GTT denies the allegations in Paragraph 131.

### VI.    CONDITIONS PRECEDENT

106. GTT denies the allegations in Paragraph 132.

### VII.    PRAYER FOR RELIEF

107. GTT denies that American is entitled to any of the relief it seeks.

### VIII.    GTT'S AFFIMATIVE DEFENSES

108. American's alleged claims are barred, in whole or in part, because American fails to state a cause of action upon which relief can be granted.

109. American's alleged claims are barred, in whole or in part, by failure to perform conditions precedent.

110. American's alleged claims are barred, in whole or in part, by supervening impossibility and/or impracticability.

111. American's alleged claims are barred, in whole or in part, by accord and satisfaction.

112. American's alleged claims are barred, in whole or in part, because the agreement between American and GTT was modified and GTT complied with the terms of the modification.

113. American's alleged claims are barred, in whole or in part, by estoppel.

114. American's alleged claims are barred, in whole or in part, by waiver.

115. American's alleged claims are barred, in whole or in part, by ratification.

116. American's alleged claims are barred, in whole or in part, by release.

117. American's alleged claims are barred, in whole or in part, by failure to mitigate its damages.

118. American's alleged claims are barred, in whole or in part, because the contractual damages provision is an unenforceable penalty.

119. American's alleged claims are barred, in whole or in part, because the sub-agents were acting outside the scope of their authority.

## **PRAYER**

**WHEREFORE**, GTT prays that this Court:

(1) Enter a judgment against American on all its claims; and

(2) Grant GTT such other and further relief, both at law and in equity, to which GTT may show itself to be justly entitled.

| | |
|---|---|
| DATE: September 22, 2023 | Respectfully submitted,<br><br>*/s/ Andres Correa*<br>Michael K. Hurst<br>Texas State Bar 10316310<br>mhurst@lynnllp.com<br>Andres Correa<br>Texas State Bar No. 24076330<br>acorrea@lynnllp.com<br>Michele H. Naudin<br>Texas State Bar 24118988<br>mnaudin@lynnllp.com<br>Zhenmian Xu<br>Texas State Bar 24135820<br>sxu@lynnllp.com<br>**LYNN PINKER HURST & SCHWEGMANN LLP**<br>2100 Ross Avenue, Suite 2700<br>Dallas, Texas 75201<br>(214) 981-3800 Telephone<br>(214) 981-3839 Facsimile |

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above instrument was electronically filed with the Clerk of Court for the United States District Court, Northern District of Texas, Fort Worth Division using the Case Management/Electronic Case Files system (CM/ECF). I certify that all counsel and parties of record were served electronically or by another means authorized by Federal Rule of Civil Procedure 5(b)(2) on September 22, 2023.

                                                                                                                        */s/ Andres Correa*
                                                                                                                        Andres Correa