IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00781-O |
| | § | |
| U.S.A. GATEWAY, INC. d/b/a GTT TRAVEL, | § | |
| | § | |
| Defendant. | § | |

### AMERICAN AIRLINES, INC.'S ORIGINAL ANSWER TO DEFENDANT U.S.A. GATEWAY, INC.'S AMENDED COUNTERCLAIMS

By and through its undersigned counsel, Plaintiff American Airlines, Inc. ("American" or "Plaintiff") files this its Original Answer in response to Defendant U.S.A. Gateway, Inc. d/b/a GTT Travel's ("GTT" or "Defendant") Amended Counterclaims as follows:

GTT's counterclaims read more like a press release than a federal court pleading. [*See* Dkt. No. 21]. The entire focus and purpose of the pleading, as GTT readily admits, is to "set the record straight" and rehabilitate the reputations of the founders of its company. GTT's declaratory judgement and defamation claims are merely throw-ins at the end of a twenty-one page pleading that complains of, and blames American for, adverse and "painful" press coverage of GTT's business. American's focus, however, as described in its Complaint [Dkt. No. 2], is to curb GTT's runaway misconduct, which has neither been acknowledged nor stopped since this case was filed.

American answers GTT's allegations as follows:

1

**AMERICAN'S ORIGINAL ANSWER**

## I.   INTRODUCTION

1.      American admits that GTT is known as a "consolidator." American admits that GTT has a working agency relationship with airlines and with GTT's travel agencies (subagents). American denies that GTT "sells airlines tickets to independent travel agencies," because an airline ticket is a contract of carriage between American and its passengers; it is not a good which GTT can sell to its subagents to do with as they please. American lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1.

2.      American lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2.

3.      American denies the allegation that it "rushed to court to attack Ms. Men and her company." American further denies that it "cites a mere *six* instances of bad conduct—not by GTT, but by *third parties*[.]" American lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3.

4.      American lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4. To the extent American is required to respond to the footnotes in GTT's Counterclaims, American denies the allegations in Footnote 1 and Footnote 2, except that American admits that it previously sued Shahi World & Travels LLC and Makeusfly USA Corporation.

5.      American denies the allegations in Paragraph 5, including the allegation that it "has targeted a woman and minority-owned business in a malicious and defamatory campaign."

6.      American denies the allegation in Paragraph 6 that "GTT countersues to set the record straight, and to recover for the economic and reputational damage American Airlines is

2

causing GTT through its baseless suit." To the extent American is required to respond to the subparagraphs of Paragraph 6 of what "GTT will prove," American answers as follows:

    (a) American denies that "GTT has not engaged in a single 'prohibited practice.'"

    (b) American lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6(b).

    (c) American admits that it has "concerns" about GTT's subagents, but American denies GTT's categorization of those concerns. American lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and generalizations in Paragraph 6(c). To the extent American is required to respond to the footnotes in GTT's Counterclaims, American admits the allegation in Footnote 3 that the ARC Agent Reporting Agreement, effective January 9, 2023 ("ARC ARA"), defines a "Debit Memo" as "a written or electronic transmission from a Carrier to Agent for payment of an Agent obligation." (ARC ARA § 39.12).

    (d) American denies that "American Airlines is best suited to discover, and alert GTT of, subagent abuse and violations." American admits to the best of its knowledge that "GTT and its subagents are users of Global Distribution Systems ("GDS") such as Sabre, Amadeus and Travelport, which are used to create airline bookings and tickets." American lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 6(d).

    (e) American denies the allegations in Paragraph 6(e).

    (f) American admits that it has a "revenue integrity system" which assists in the detection of booking violations but American denies GTT's characterization of its systems. American lacks knowledge or information sufficient to form a belief about

the truth of the remaining allegations in Paragraph 6(f), including the allegations regarding GTT's knowledge base for booking violations.

(g)   American lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6(g).

(h)   American denies that "American Airlines has chosen to target through its lawsuit the only minority, woman-owned and operated consolidator." American lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6(h), including the allegations and generalizations regarding "fraud committed by rogue subagents" being "an industry-wide problem acknowledged by other major legacy carriers."

(i)   American denies the allegation in Paragraph 6(i).

7.   American denies the allegations in Paragraph 7.

8.   Paragraph 8 does not require an admission or denial; however, to the extent an admission or denial is required, American denies the allegations.

## II.   PARTIES

9.   American admits the allegations in Paragraph 9.

10.   American admits the allegations in Paragraph 10.

## III.   JURISDICTION & VENUE

11.   American admits the allegations in Paragraph 11.

12.   American admits the allegations in Paragraph 12.

13.   American admits the allegations in Paragraph 13.

## IV.    FACTS

### A.  Gloria Men and Tom Chou Found and Expand GTT, Leading to a Profitable Partnership for American Airlines.

14.     American lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15.     American lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16.     American lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16.

17.     American denies the allegation that "GTT has had an unblemished reputation[.]" American lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17.

### B.  Consolidators Like GTT Help Airlines Sell Tickets Through Subagents.

18.     American admits that it has a contractual relationship with GTT. American lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18.

19.     American denies the allegation that "[w]hen GTT sells airline tickets through subagents using the airline contracts, GTT merely acts as a middleperson between airlines and subagents by charging a ticketing fee in exchange for the ticket fulfillment and related services." American lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19.

20.     American lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21.     American lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

22.     American denies that "[t]hrough Debit Memos, American Airlines effectively transfers the risk to GTT and walks away whole and fully compensated." American lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and generalizations in Paragraph 22.

## C. American Airlines Surprises GTT With a Lawsuit Involving Subagents GTT Has Done Almost No Business With.

23.     American admits that it previously filed a lawsuit against GTT in Texas state court ("Original Petition"), which American voluntarily dismissed. American denies the remaining allegations in Paragraph 23.

24.     American admits that the Original Petition included references to Shahi World Tour and Travels, Sam Travels, Hola Fares, MakeUsFly, Gorilla Fares, ARB Travels, Dream Fly Travels, and Kiwi.com Inc. American denies the remaining allegations in Paragraph 24.

25.     American lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25.

26.     American denies the allegation that "American Airlines is in the best position to identify booking abuse or rule violations, because it has both the data and the customer contract to do so." American further denies the allegation that "American Airlines has the reservations and ticketing host system which stores all booking and ticketing data to identify subagent misconduct." American lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and generalizations in Paragraph 26.

27.     American lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27. To the extent American is required to respond to the footnotes in GTT's Counterclaims, American denies the allegations in Footnote 4.

28.     American denies the allegation that "American Airlines knows this"—referring to the allegations set forth in Paragraph 27. American denies the allegation that "American Airlines has always been made whole." American lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and generalizations in Paragraph 28.

**D.  The Parties' Contract Does Not Obligate GTT to Step Into American Airlines' Shoes and Pursue Booking Violations GTT Is Not Even Aware of.**

29.     American admits that the documents governing American and GTT's domestic principal-agent relationship include (1) the Agent Reporting Agreement ("ARA"), (2) the Industry Agent's Handbook referenced in the ARA ("IAH"), (3) American's Addendum to Governing Travel Agency Agreements ("Addendum"), and (4) other incentives agreements between American and GTT. American denies the allegation that these documents collectively form the "GTAA." To the extent American is required to respond to the footnotes in GTT's Counterclaims, American admits the allegations in Footnote 5 and Footnote 6.

30.     American admits that the ARC ARA states in part: "The purpose of the Agreement is to address the way in which Agents report and settle ARC Traffic Documents through the ARC-administered Settlement Plan in a competitive and efficient manner, as well as to outline the rights and obligations of the parties to this Agreement." To the extent American is required to respond to the footnotes in GTT's Counterclaims, American admits the allegation in Footnote 7 that the ARC ARA defines an "ARC Traffic Document" as "all industry standard forms and documents that ARC may provide to Agent, in trust, and for which Agent is responsible. This term includes Carriers' own traffic documents provided to ARC for processing reporting, settlement and

administration under this Agreement" (ARC ARA § 39.8) and the allegation in Footnote 8 that the

ARC ARA defines an "ARC Settlement Plan" as "the system through which Agent reports and

settles ARC Traffic Documents issued on behalf of Carriers" (ARC ARA § 39.6). American lacks

knowledge or information sufficient to form a belief about the truth of the remaining allegations

and generalizations in Paragraph 30.

31.     American admits that the ARC ARA defines a "Debit Memo" as "a written or

electronic transmission from a Carrier to Agent for payment of an Agent obligation." (ARC ARA

§ 39.12). American denies the remaining allegations in Paragraph 31.

32.     American admits that American Airlines's Addendum states:

> If Agent issues a ticket in violation of the Agreement or is otherwise in violation of
> the Rules American has issued for travel agents, including these instructions,
> American may issue a debit memo to Agent for any deficiency or any loss incurred
> by American by reason of the violation . . . . As noted above, with or without reason,
> American may also immediately suspend, limit or terminate any Agency Location
> or Agent's Appointment upon notice to Agent[.]

(Addendum § 5(a)). American denies the remaining allegations in Paragraph 32.

33.     American denies the allegations in Paragraph 33.

34.     American admits that American's Addendum states:

> To the extent that Agent or Agent's affiliates, or their respective employees, sub-
> agents, services vendors or other third-party contractors or representatives
> including sub-agents using a technology platform provided by Agent ("Agent
> Representatives") are involved in Agent's activities within the scope of the
> Appointment, Agent will remain primarily responsible and liable to American for
> their full compliance with all of Agent's obligations under the Agreement.

(Addendum recitals). American denies the remaining allegations in Paragraph 34. To the extent

American is required to respond to the footnotes in GTT's Counterclaims, American denies the

allegations in Footnote 10 and Footnote 11.

**E.** **The Parties' Course of Performance and Dealing, as well as Industry Practice, Show How Booking Abuse is Routinely Addressed.**

35.     American denies the allegations and generalizations in Paragraph 35.

36.     American lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36.

37.     American lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37.

38.     American lacks knowledge or information sufficient to form a belief about the truth of the allegations and generalizations in Paragraph 38.

39.     American admits the documents referenced—the ARC ARA and IAH—exist; otherwise, American denies the allegations and generalizations in Paragraph 39.

40.     American lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40.

41.     American lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41.

**F.** **American Airlines Targets GTT Because It is a Minority, Woman-Owned Business.**

42.     American admits that it sued GTT for breach of contract for GTT's breach of the GTTA. American lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and generalizations in Paragraph 42. To the extent American is required to respond to the footnotes in GTT's Counterclaims, American lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Footnote 12.

43.     American denies the allegation that "[d]espite GTT and these other consolidators being similarly situated in all material respects, American Airlines chose to sue the only Asian and woman owned consolidator." American further denies the allegation that "American Airlines'

lawsuit is discriminatory." American lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 43.

44.     American admits that the headlines listed in (a) through (e) are correctly stated for the respective websites listed in Footnotes 13 through 17. American denies the remaining allegations in Paragraph 44.

45.     American denies the allegations in Paragraph 45.

## V.     CAUSES OF ACTION

### Count I Declaratory Judgment
### (Under 28 U.S.C. §§ 2201 and 2202)

46.     Paragraph 46 does not require an admission or denial; however, to the extent a response from American is required, American denies the allegations in Paragraph 46.

47.     American admits the allegations of Paragraph 47.

48.     Paragraph 48 states legal conclusions and does not require a response from American. To the extent a response is required by American, American admits that it alleges GTT breached the GTAA due to the misconduct of its subagents, including misconduct that GTT was explicitly made aware of and misconduct that GTT actively assisted the subagents with. But American alleges a number of other breaches of the GTAA in its Complaint, and its allegations of breach are not limited to whether GTT took adequate steps to ensure that its subagents acted in compliance with their contractual obligations. American denies the remaining allegations of Paragraph 48.

49.     American admits the allegations of Paragraph 49.

50.     Paragraph 50 states legal conclusions and does not require a response from American.  To the extent a response from American is required, American denies that "Nowhere in this provision and nowhere else in the applicable agreements, is there a provision affirmatively

requiring GTT to police subagents or discover the types of conduct American Airlines complains about." American denies that it can detect GTT's subagents' misconduct, especially when GTT does not disclose the identity of its subagents to American. American denies the remaining allegations of this paragraph.

51.     Paragraph 51 states legal conclusions and does not require a response from American. To the extent a response is required by American, American denies the allegations of Paragraph 51.

## Count II Racial Discrimination under Civil Rights Act
## (Under 42 U.S.C. § 1981)

52.     Paragraph 52 does not require an admission or denial; however, to the extent a response from American is required, American denies the allegations in Paragraph 52.

53.     Paragraph 53 states legal conclusions and does not require a response from American. To the extent a response is required by American, American denies the allegations.

54.     Paragraph 54 states legal conclusions and does not require a response from American. To the extent a response is required by American, American lacks knowledge or information sufficient to form a belief about whether GTT is a 100% Asian American-owned business. American denies the remaining allegations in Paragraph 54.

55.     American admits the allegation in Paragraph 55 that American and GTT have a valid contractual relationship governed by multiple agreements, including the GTAA.

56.     American admits that it sued GTT for breach of contract under the GTTA. American denies the remaining allegations in Paragraph 56.

57.     American denies the allegations in Paragraph 57.

58.     American denies the allegations in Paragraph 58.

59.     American denies the allegations in Paragraph 59.

11

60.   American denies the allegations in Paragraph 60.

## VI.   CONDITIONS PRECEDENT

61.   American denies the allegations in Paragraph 61.

## VII.   ATTORNEYS' FEES

62.   American denies the allegations in Paragraph 62.

63.   American denies the allegations in Paragraph 63.

## VIII.   PRAYER

64.   American denies that GTT is entitled to any of the relief it seeks.

To the extent not expressly admitted herein, American denies each and every other allegation, express or implied, contained in GTT's Amended Counterclaims.

## AMERICAN'S AFFIRMATIVE DEFENSES

American asserts the following affirmative and other defenses that apply to GTT's Counterclaims. By asserting these affirmative defenses, American does not concede that it has the burden of proof as to any such defense. To the extent that any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are hereby pleaded in the alternative. Subject to and without waiving the foregoing, and without waiving GTT's burden to show otherwise, American pleads as follows:

65.   The Counterclaims fail to state a claim upon which relief can be granted.

66.   GTT's declaratory judgment claim is barred, because it is a "mirror image" of American's breach of contract claim.

67.   GTT's declaratory judgment claim is barred, because no actual and justifiable controversy exists as the resolution of American's breach of contract claim will resolve all disputes between the parties referenced in GTT's declaratory judgment claim.

68.     GTT's racial discrimination claim is barred, because American has a protected right of petition under the First Amendment.

69.     GTT's racial discrimination claim is barred, because GTT cannot show that American intended to discriminate against GTT on the basis of race.

70.     GTT's racial discrimination claim is barred, because American decision to file this lawsuit against GTT was based on legitimate, nondiscriminatory reasons.

71.     American further asserts that any punitive damages award sought by GTT would be limited by the Constitution and principles of due process.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff American Airlines, Inc. prays that this Court enter judgment against Defendant U.S.A. Gateway, Inc. d/b/a GTT Travel on all of its counterclaims and grant American such other and further relief to which it may show itself to be justly entitled.

Dated: February 6, 2024                    Respectfully submitted,

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile:  (817) 878-9280

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100
Facsimile:  (202) 331-3101

Cameron M. Nelson
nelsonc@gtlaw.com
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: (312) 456-6590
Facsimile:  (312) 456-8435

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that, on February 6, 2024, a true and correct copy of the foregoing document was

served on all counsel of record electronically via the Court's ECF system in accordance with the

Federal Rules of Civil Procedure.

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.